UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARQUETTE RILEY, | : |
| Petitioner | : |
| | : CIVIL NO. 1:CV-04-1976 |
| vs. | : |
| | : (Judge Caldwell) |
| RONNIE HOLT, WARDEN, | : |
| Respondent. | : |

*M E M O R A N D U M*

*I.     Introduction.*

Marquette Riley, an inmate at the Schuylkill Federal Correctional Institution ("FCI-Schuylkill"), Minersville, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He alleges that the United States Parole Commission ("Parole Commission") violated his Due Process rights when it failed to provide him with a timely dispositional review hearing within 180 days of lodging a parole-detainer warrant against him. He requests that the Court nullify the detainer and direct his immediate release upon the expiration of his current sentence. For the reasons that follow, the petition will be denied.

*II.    Background.*

On August 18, 1998, Riley was paroled by the District of Columbia ("DC") Board of Parole under the condition that he remain under parole supervision until May 22, 2011. (Doc. 9, Attachment 1, Respondent's Exhibits in Support of His Response to the Petition for Writ of Habeas Corpus, Exhibit 2, Certificate of Parole). Riley was subsequently transferred to the jurisdiction of the Parole Commission pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Public Law No. 105-33, §11231(a)(1), 111 Stat. 712, 745 (effective August 5, 1998); D.C. Code §24-1231. This statute abolished the DC Board of Parole and transferred jurisdiction of parole decisions for all D.C. Code offenders to the Parole Commission.

While on parole, Riley was arrested and charged with conspiracy to distribute heroin, possession with intent to distribute heroin, distribution of heroin, and aiding and abetting. On August 16, 2000, the Parole Commission issued a warrant charging Petitioner with violating the conditions of parole. At that time Riley had been indicted for these offenses and was being held in custody without bond. As Riley was in custody pursuant to his new charges, the warrant was lodged as a detainer against him. (*Id.*, Exhibit 3, Warrant Application; and Exhibit 4, Memorandum).

On June 20, 2002, Riley was sentenced by the United States District Court for the District of Columbia to a term of 60 months (non-parolable) for conspiracy to distribute and possession with intent to distribute heroin, followed by 3 years of supervised release. (*Id.*, Exhibit 5, Sentence Monitoring Computation Data).

On September 19, 2002, the Parole Commission supplemented its warrant to reflect this new conviction. (*Id.*, Exhibit 6, Supplement). Riley was advised that the Parole Commission's warrant was lodged as a detainer against him. (*Id.*, Exhibit 7, Detainer Action Letter).

Riley claims that the Parole Commission's failure to give him a revocation hearing with respect to his DC parole violation violates his Due Process rights, and as relief for this failure, requests that the Court quash the detainer warrant lodged against him. Respondent contend Riley's claim is without merit as he relies upon the wrong statutory law and does not have the right to a revocation hearing prior to the execution of the warrant.

*III.   Discussion.*

After August 5, 1998, an individual released on parole by the DC Board of Parole became subject to the jurisdiction of the Parole Commission, and regulated by the provisions of 28 C.F.R. § 2.70 *et seq.*, which specifically address former DC parolees.  *See* 28 C.F.R. §2.70.  Thus it is clear that the Parole Commission has authority over Riley who is a former D.C. prisoner released on parole.

As noted above, Riley seeks to nullify the parole-violation detainer on the basis that the Parole Commission failed to follow its own rules and procedures when it did not conduct a dispositional review of the detainer within 180 days of its issuance (August 16, 2000).  Riley, however, inappropriately relies upon 18 U.S.C. § 4214(b)(1)[1] and 28 C.F.R. § 2.47[2] to impose the 180-day time constraint on the Parole Commission.  18 U.S.C. § 4214(b)(1) like 28 C.F.R. § 2.47, assures the timeliness a

---

[1] Section 4214 and the other provisions of the Parole Commission and Reorganization Act of 1976 were repealed by the Comprehensive Crime Control Act of 1984, Pub.L. No. 98-473, Title II, § 218(a)(5), 98 Stat. 1837, 2027. This chapter containing section 4214 remains in effect, however, until 2005 as to federal convictions obtained prior to November 1, 1987, § 235(b), 98 Stat. at 2031.

[2] "If the prisoner is serving a new sentence in a state or local institution, the violation warrant shall be reviewed by the Regional Commissioner not later than 180 days following notification to the Commission of such placement."  *See* 28 C.F.R. 2.47(a)(2).

revocation hearing and review for federal parolees, not DC parolees such as Riley, who are regulated by 28 C.F.R. §2.70, *et seq*. To the extent that Riley suggests that 28 C.F.R. § 2.213 makes 28 C.F.R. 2.47(a)(2) applicable to him, he is again mistaken. While 28 C.F.R. § 2.213 does apply to former DC prisoners, it only applies to those released on *supervised release*, and not parole. It is undisputed that Riley was released by the District of Columbia on parole, not supervised release. (*See* Doc. 9, Attachment 1, Respondent's Exhibits in Support of His Response to the Petition for Writ of Habeas Corpus, Exhibit 2, Certificate of Parole).

When the Parole Commission revokes a DC offender's parole, as in this case, 28 C.F.R. § 2.100 applies. When a DC parolee is convicted of a new crime warranting imprisonment, a parole violation warrant may be placed against that individual as a detainer. *See* 28 C.F.R. § 2.100(a). The detainer is then reviewed in one of two ways. If the DC parolee is eligible and has applied for parole under the Parole Commission's jurisdiction on his *new* sentence, then a dispositional revocation hearing is held in conjunction with the parole hearing for the new sentence. *See* 28 C.F.R. § 2.100(b). However, if the parolee's new sentence is ineligible for parole, the Parole Commission shall *review* the detainer at the request of the parolee and *may*, at its discretion,

exercise options which include leaving the detainer undisturbed until the completion of the new sentence, at which point the warrant will be executed. *See* 28 C.F.R. § 2.100(c)(3).

It is well settled law that the Due Process right to a revocation hearing accrues when the warrant is executed, not when it is issued. *Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). It is equally clear that the disposition of Riley's parole-revocation detainer, as he is a DC parolee serving a new non-parolable sentence, is regulated by 28 C.F.R. § 2.100(c). Although the parties dispute whether Riley has requested a "review" of the detainer, prior to the execution of the warrant, Riley is entitled only to a review of the detainer, and not the dispositional revocation hearing which he seeks. *See* 28 C.F.R. § 2.100(c). To the extent Riley suggests he sought, but was denied, such a review by the Parole Commission, he does not dispute that in August 2004, after he initiated a request with BOP officials, he was advised that the Parole Commission required he complete his new sentence prior to seeing him for the parole-violation detainer. (*See* Doc. 1, Complaint, Attachment 1). The Parole Commission's election to defer Riley's dispositional hearing until the conclusion of his new sentence is consistent with its authority under 28 C.F.R. § 2.100(c)(3). However,

whether this communication was meant to be Riley's "review" is unclear.[3]

Therefore, as it is unclear whether Riley requested or received a review by the Parole Commission to which he is entitled pursuant to 28 C.F.R. § 2.100(c), the Parole Commission is directed to construe his petition as such a request.  However, to the extent Riley suggests the BOP is detaining him unconstitutionally pursuant to an invalid or ineffective detainer warrant, his petition will be denied as he is not entitled to a revocation hearing prior to the execution of the parole violation warrant.[4]

An appropriate order will follow.


/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: May 4, 2005

---

[3]  We note that a "review" of the detainer does not require Riley's presence nor does it constitute a parole-revocation hearing.

[4]  Riley's assertion that 28 C.F.R. § 2.81, reparole decisions for DC prisoners, applies to him is premature as he is not entitled to a parole hearing until the execution of the warrant.

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MARQUETTE RILEY, :
 :
       Petitioner :
 : CIVIL NO. 1:CV-04-1976
   vs. :
 : (Judge Caldwell)
RONNIE HOLT, WARDEN, :
 :
       Respondent. :

*O R D E R*

AND NOW, this 4th day of May, 2005, it is ordered that:

    1. The petition for writ of habeas corpus (Doc. 1) is denied.

    2. If not already done so, the Parole Commission is to conduct a review of Riley's parole violation detainer consistent with 28 C.F.R. § 2.100(c) within thirty (30) days of this Order.

    3. The Clerk of Court is directed to close the case.

                             /s/William W. Caldwell
                             William W. Caldwell
                             United States District Judge